# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DARYL MITCHELL,**

              **Petitioner,**

       **v.**                                   **CASE NO. 17-3090-SAC**

**DAN SCHNURR,**

              **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se, and the Court grants provisional leave to proceed in forma pauperis pending petitioner's submission of the statutory filing fee or a properly supported motion to proceed in forma pauperis.

### Petitioner's claims

Petitioner's claims are difficult to interpret. It appears that he was convicted in a 1999 criminal action in Winnebago, Illinois, of attempted murder and aggravated battery with a firearm. His claims assert that the trial court was a "court-in-fiction", the judge was a "judge-in-fiction", and his counsel was an "attorney-in-fiction"; that he has the right of liberty to be free; that he is being held without lawful jurisdiction; and that he is a Moorish-American held under foreign law.

Petitioner attaches over 200 pages of exhibits to the petition, but these materials have no connection to his criminal conviction or his claims in this matter.

### Screening

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court

must review habeas corpus petitions promptly and must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief…." Rule 4, Rules Governing § 2254 Cases.

**Analysis**

The petition has no apparent merit. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Petitioner makes no argument that suggests a viable constitutional claim concerning the legality his present confinement. Instead, the materials he submits include documents related to his religious studies, grievance materials concerning personal property, and materials identified as filings under the Uniform Commercial Code and security agreements.

To the extent the petition may be read to challenge petitioner's Illinois convictions, the Court concludes that this district is not the most convenient forum for this action, because the conviction and sentence petitioner challenges did not occur in the District of Kansas. Instead, the present petition should be determined in the U.S. District Court for the Western District of Illinois, the district that includes the county of his conviction. The United States Code provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). *See Wilkins v. Erickson*, 484 F.2d 969, 973 (8th Cir. 1973)(transfer of habeas corpus action from District of South Dakota to the District of Montana because "the state of conviction and sentencing, is the most convenient forum because of the

availability of witnesses and records") and *Verissimo v. INS*, 204 F.Supp.2d 818, 820 (D.N.J. 2002)("a habeas petition may be transferred to the district court of the state in which the petition was sentenced and convicted, even if the petitioner was transferred to prison in a different state.").

However, due to the considerable defects in this action; which does not provide any reasoned support for the bare claims, suggest that the claims have been properly exhausted, or show that this matter is brought within the one-year limitation period applicable to a petition under 28 U.S.C. §2254; the Court finds that it is not in the interests of justice to transfer this matter to the district of petitioner's conviction. Instead, the Court will direct petitioner to show cause why this matter should not be dismissed without prejudice to allow petitioner, if he chooses to do so, to correct the deficiencies identified by the Court and to file his petition in the U.S. District Court for the Western District of Illinois.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including June 22, 2017, to show cause why this matter should not be dismissed without prejudice.

**IT IS SO ORDERED**.

DATED: This 26th day of May, 2017, at Topeka, Kansas.

                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge